IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jameia Dante Garvin,<br><br>               Movant,<br><br>vs.<br><br>United States of America,<br><br>               Respondent. | Cr. No. 5:10-665<br><br>**OPINION AND ORDER** |

Movant Jameia Dante Garvin pleaded guilty on April 28, 2011 to conspiracy to possess with intent to distribute and to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. A presentence investigation report (PSR) was prepared by the United States Probation Office. Movant was held accountable for 37.35 grams of cocaine base and 1,172.95 grams of powder cocaine, for a marijuana equivalent of 367.94 kilograms of marijuana. Movant was assessed a base offense level of 26. He received a two-level increase for possessing a firearm, and a three-level reduction for acceptance of responsibility. Movant's total offense level was 25.

Movant was assessed one criminal history point with respect to a conviction on September 11, 2000 for burglary, third degree, in Orangeburg, South Carolina. Movant was sixteen years old at the time of the offense on July 7, 2000. Movant had been sentenced under the South Carolina Youthful Offender Act to a sentence not to exceed the legal years, suspended to two years probation. Movant's probation expired on September 10, 2002.

Movant also was assessed one criminal history point for a conviction on August 9, 2007 for criminal domestic violence in Orangeburg, South Carolina. Movant had been sentenced to thirty days incarceration suspended on the payment of a $2,125 fine and both suspended upon completion

of Casa Anger Management Class. The two criminal history category points yielded a criminal history category of II. Based upon his total offense level and criminal history category, Movant's sentencing guidelines range was 63 to 78 months imprisonment. ECF No. 470.

Movant appeared before the court for sentencing on August 1, 2011. Movant was committed to the custody of the Bureau of Prisons for sixty-three months. Judgment was entered on August 5, 2011. Movant filed no notice of appeal.

This matter is before the court on letter filed by Movant on January 23, 2012. In the letter, Movant appeared to allege ineffective assistance of counsel for failing to object to the two-point enhancement for possession of a firearm. The court treated Movant's filing as a motion pursuant to 28 U.S.C. § 2255 and directed Movant to complete the appropriate forms. Movant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence on January 2, 2013, as amended on January 25, 2013. Respondent United States of America filed a motion for summary judgment and response in opposition to Movant's § 2255 motion on March 6, 2013. By order filed March 6, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed no response to Respondent's motion.

## DISCUSSION

Movant asserts the following grounds for relief, set forth verbatim:

1. I was enhance giving a criminal history point for criminal domestic violence which carried 30 days in jail are a $2,135 dollar fine the sentence statue didn't carried over a year and a day for the court to enhance me a criminal history point. Simmons case may apply. (Ground One)

2. The court gave me a 2 point enhancement for a firearm which I was never convicted for I had 2 firearms charges with the state that I was never convicted for

2

pending when the Feds came at me with this indictment 5:10-cr-0065-MBS. The feds adopted the 2 gun chargers and drop them and then gave me a 2 point enhancement. (Ground Two)

ECF No. 576, p. 4.

In his supplemental memorandum filed on January 25, 2013, Movant contends that trial counsel was ineffective for failing to object to the criminal history point assessed with respect to Movant's burglary, third degree charge for which he was sentenced on September 11, 2000.

Respondent has moved for summary judgment. Pursuant to Fed. R. Civ. P. 56(a), the court shall grant summary judgment if Respondent shows that there is no genuine dispute as to any material fact and Respondent is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. Id.

Law/Analysis

I.

As an initial matter, the court notes that, to the extent, Movant's Grounds One and Two could have been raised on direct appeal, these claims are procedurally defaulted. Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he

complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. Id. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. Id. Movant has made no such showing.

## II.

In his supplement to his § 2255 motion, Movant contends he received ineffective assistance of counsel as to Ground One. To prove ineffective assistance of counsel, Movant must show that trial counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. Id. at 688. Movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Strickland requires Movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction if the error had no effect on the judgment. Id. at 694.

4

Movant asserts that trial counsel was ineffective for failing to object to a criminal history point assessed by the United States Probation Office for burglary, third degree. Movant asserts that the offense should not have counted toward his criminal history because the offense occurred outside the parameters of U.S.S.G. § 4A1.2(d), application note n.7, which provides:

> *Offenses Committed Prior to Age Eighteen.–Section 4A1.2(d) covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records. Therefore, for offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month,* ***or resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense*** *are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile," this provision applies to all offenses committed prior to age eighteen.*

Specifically, Movant asserts that the sentence imposed for the offense of burglary, third degree did not occur within five years of the commencement of the instant offense. The court disagrees.

As noted hereinabove, Movant was sentenced on September 11, 2000, under the Youthful Offender Act to a sentence not to exceed the legal years suspended to two years probation. The indictment charges Movant with involvement in a conspiracy that began "at least in or around the Spring of 2000, and continuing thereafter, up to and including October of 2008[.]" Information supplied in the PSR discloses that Movant commenced distributing quantities of cocaine and cocaine base in 2003. See ECF No. 470, at 8. The court finds that a sentence was imposed on Movant within five years of Movant's commencement of the underlying offense. It is axiomatic that failure to raise a meritless claim cannot serve as a ground for ineffective assistance of counsel. See Bolender v. Singletary, 16 F. 3d 1547, 1573 (11th Cir. 1994). Movant's Ground One is without merit.

III.

In his January 23, 2012 letter to the court, Movant asserts that he "was given a 2 point level enhancement for possession of a fire arm that I was never convicted of due to the lack of representation of my attorney." ECF No. 516. Movant has offered no further explanation of his claim.

It appears from the PSR that Movant was alleged to have been in unlawful possession of an Arms Core 260 .38 Special revolver when he was arrested on December 31, 2008 by the Orangeburg County Sheriff's Office for crimes related to the instant offense. In addition, a cooperating co-conspirator informed Respondent that Movant offered to sell an AK-47 during a cocaine base transaction and that Movant was in possession of a .38 caliber handgun on other occasions. Movant also was alleged to have been in unlawful possession of a .22 caliber Taurus handgun when he was arrested on March 22, 2010 for a crime related to the instant offense.

U.S.S.G. § 2D1.1(b) provides that the base offense level is increased by two levels if a dangerous weapon, including a firearm, was possessed. The adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." Id., application note 3. When challenged, the government must prove by a preponderance of the evidence that "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (citing United States v. McAllister, 272 F.3d 228, 233-34 (4th Cir.2001)). To satisfy that burden, however, the government does not need to prove "precisely concurrent acts," such as a "gun in hand while in the act of storing drugs." Id. at 629 (quoting United States v. Johnson, 943 F.2d 383, 386 (4th Cir.1991)). In assessing whether a defendant possessed

a firearm in connection with relevant drug activity, a sentencing court is entitled to consider the type of firearm involved. Id. (citing United States v. Drozdowski, 313 F.3d 819, 822 (3d Cir.2002)). A handgun has been deemed "'a tool of the drug trade because it is easy to conceal yet deadly.'" Id. (quoting United States v. Cantero, 995 F.2d 1407, 1411 (7th Cir.1993)). The location or proximity of a seized firearm is also relevant to a sentencing court's analysis of whether it was possessed in connection with drug activities that were part of the same course of conduct or common scheme as the offense of conviction. Id. Indeed, "'the proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under section 2D1.1(b)(1).'" Id. (quoting United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997)). Similarly, firearms that are readily accessible during drug activities can be deemed as possessed in connection therewith. Id. (citing cases). If a drug offender has stored a handgun that can readily be accessed if his drug activities turn sour, he may be said to have possessed it in connection with such activities. Id. So long as a firearm's location makes it readily available to protect either the participants themselves during the commission of the illegal activity or the drugs and cash involved in the drug business, there will be sufficient evidence to connect the weapon to the offense conduct. Id. (quoting United States v. Corcimiglia, 967 F.2d 724, 727 (1st Cir.1992)).

In this case, the evidence tends to demonstrate that Movant possessed a firearm in connection with his drug activities. There is no requirement that Movant be convicted of unlawful possession of a weapon in order for him to qualify for the enhancement. The court cannot say that trial counsel's representation was outside the wide range of professional assistance such that he should have objected to the two-level enhancement under § 2D1.1(b) for possession of a dangerous weapon. Movant's Ground Two is without merit.

CONCLUSION

For the reasons stated, Respondent's motion for summary judgment (ECF No. 590) is **granted**. Movant's § 2255 motion (ECF No. 576) is **denied and dismissed**, with prejudice.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 21, 2014

**NOTICE OF RIGHT TO APPEAL**

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**